**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROWLAND MARCUS ANDRADE** | § | |
| **and ABTC Corp.,** | § | |
| | § | |
| *Movants,* | § | |
| | § | |
| **VS.** | § | **Misc. Action No. _____** |
| | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF THE TREASURY, INTERNAL** | § | |
| **REVENUE SERVICE,** | § | |
| | § | |
| *Respondent.* | § | |

**MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE
PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978**

Rowland Marcus Andrade and ABTC Corp. (hereinafter collectively "Andrade" or "Movants") move this Court to quash administrative summonses issued by the United States Department of the Treasury, Internal Revenue Service ("IRS"), for an order of protection of Andrade, and for other relief set out below. As cause for granting this relief Andrade would respectfully show the Court as follows:[1]

**I.    Factual Background**

Shortly after July 14, 2023, Andrade received a copy of a summons issued by the IRS to JP Morgan Chase seeking bank records of Andrade and ABTC Corp. Andrade received that notice from Chase Bank, but he had never received any notice of the summons from the IRS.[2]

The summons sought an extremely broad collection of documents relating to Mr. Andrade and his company, ABTC Corp. and all other entities in which either of them may have a financial

---

[1]This motion is supported by the declarations of Marcus Andrade (attached as Ex. 1) and Paul Flack (attached as Ex. 2) and the exhibits to those declarations.
[2]Ex. 1-A.

interest.[3]    The summons specifically included all savings account records, checking account records, loan records, safe deposit box records, CD records, treasury notes, credit card records, bank check records, and "other records."[4]

ALL OPEN AND CLOSED ACCOUNTS

For the period May 1, 2020 through October 31, 2020

All records pertaining to the following individuals and business entities whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which these individuals or entities may have a financial interest:

> ➤ ABTC Corp
> ➤ Marcus Andrade

To include all accounts in which these individuals had signatory authority and/or the right of withdrawal.

These records should include but are not limited to:

Mr. Andrade's counsel wrote to Chase and informed it that Mr. Andrade and ABTC Corp. objected to the summons and asked Chase to provide Andrade notice before any records were produced, but Chase responded that the documents had already been produced.[5]

Mr. Andrade then engaged the undersigned counsel, who wrote to the IRS on July 31, 2023, and explained that Andrade had not received the required notice of the summons and asked what others summonses the IRS had issued regarding Andrade and for proof of notice to Andrade.[6] Andrade also asked that the documents received in response to the summonses either be returned

---

[3]Ex. 1-A.
[4]Ex. 1-A.
[5] Ex. 2-A.
[6] Ex. 2-B.

to the party who produced them or that they be quarantined and not reviewed or shared with anyone until this matter could be resolved.[7]

On August 17, 2023, the IRS agent who had served the summons left a voicemail with the undersigned counsel that she had been out on leave, but that she would get with the person who had mailed the summonses for her and get back to the undersigned.[8]  Andrade heard nothing further for months.

On December 18, 2023, the undersigned wrote to the IRS agent again, reminding her that he was still waiting for a substantive response to his July 31, 2023, letter.[9]  On December 20, 2023, the IRS agent responded with a voicemail to the undersigned counsel stating that she could not provide the requested information without a power of attorney form.  The undersigned provided such a form on December 22, 2023,[10] but the IRS agent responded on January 3, 2023, that she needed some changes to the form.  A corrected form was sent on January 15, 2024.[11]

On February 2, 2024, the IRS agent faxed and mailed to the undersigned counsel four summonses the IRS had issued.[12]  It included two summonses (one to Chase and one to Bank of America) dated May 19, 2023, and two summonses (one to Chase and one to Bank of America) dated September 19, 2023.[13]

Andrade had not received prior notice of any of the four summonses so that he could decide whether to object.  The IRS did not provide any proof that it had provided any such prior notice, despite Andrade's request for proof of any such notice.  And, from the address that appears on the summonses, it appears that the IRS may have been using the same business address for ABTC

---

[7] Ex. 2-B.
[8] Ex. 2-B.
[9] Ex. 2-C.
[10] Ex. 2-D.
[11] Ex. 2-E.
[12] Ex. 2-F.
[13] Ex. 2-F.

Corp. *and* for Mr. Andrade, even though the records the IRS sought included personal records of Mr. Andrade and even though neither Mr. Andrade nor ABTC Corp. had used that business address in years.  The IRS also already had email and telephone contact with Andrade's other IRS attorney and he had already signed the appropriate IRS power of attorney form, but the IRS did not send that attorney notice, either.  The IRS also did not provide proof that the notices were sent to Andrade's residence or his company's registered agent address.

To make matters worse, the latter two summonses were issued *after* the undersigned counsel had told the IRS that Andrade had not received notice of the summons to Chase and *after* the IRS had said they were looking into his issue and would get back to him.  The IRS offered no confirmation that these were the only summonses issued and it offered no explanation as to why additional summonses were issued without notice to Andrade after Andrade had already complained of lack of notice.  The IRS could have provided the summons to the undersigned counsel for Mr. Andrade, but it chose not to do so.  The IRS could have asked the undersigned counsel for a current address for Andrade, but again the IRS chose not to do so.

The IRS agent told the undersigned counsel that it could not produce the documents the IRS received in response to the summonses.  She later agreed to check into Andrade's request for the records and get back to the undersigned once she knew more.[14]

The IRS also never responded to Andrade's request that the IRS tell the subpoena recipients not to produce the requested records.  The IRS may have attempted to respond to Andrade's request that the records be sequestered.  It included a post-it note on the copy of the records that were received by regular mail stating, "Records received from these summons were not reviewed" with the initials of the IRS agent.[15]

---

[14] Ex. 2-G.
[15] Ex. 2-H.

4

The materials from the IRS stated that Andrade had ten days to challenge the summonses. Andrade could not afford to wait for further information from the IRS, which history indicated he may not receive for months.  So, Andrade is filing this action to quash the summonses and for protection and other relief.

## II.    The Summonses Should be Quashed.

The Right to Financial Privacy Act prohibits the disclosure of bank customer financial records without a proper administrative subpoena. 12 U.S.C. §§ 3401-3422.   Such an administrative subpoena may be authorized only if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry."  12 U.S.C. § 3405(1).  It is not clear to Andrade how all of the records responsive to summonses that call for all records of an individual and entities that are not even identified in the summons could all be relevant to any legitimate law enforcement inquiry.

The Right to Financial Privacy Act also requires that "a copy of the subpoena or summons has been served upon or mailed to [the customers'] last known address on or before the date on which the subpoena or summons was served on the financial institution."  12 U.S.C. § 3405(2). Andrade received no such notice and, despite his inquiry, the IRS has not provided any proof that it provided such notice.  The address the IRS lists in the summonses has not been the address of ABTC Corp. for around two years and the summonses also seek personal records of Mr. Andrade and the address the IRS used was never Mr. Andrade's personal address, or the address of Andrade's IRS counsel.

## III.    Conclusion and Request for Relief

For the above reason, pursuant to the Right to Financial Privacy Act of 1978 (12 U.S.C. § 3410 et seq.), the Bank Secrecy Act, and Rule 45 of the Federal Rules of Civil Procedure,

Andrade respectfully requests that the Court order the summonses quashed and that Andrade be protected from the summonses as follows:

1. The IRS disclose all summonses, subpoenas, or requests of any kind served on any financial institutions seeking records of Mr. Andrade or any entities associated with him, including but not limited to ABTC Corp., along with all evidence of any notice to Andrade or the entity relating to same;

2. The IRS provide to Mr. Andrade copies of all records received in response to any of the summonses, subpoenas, or requests;

3. The IRS provide all communications with Andrade's other counsel, Attorney Christopher Ray, and any proof of service of any notice on Mr. Andrade or any entity with which he is affiliated;

4. The IRS identify all other persons (including all government agencies, departments, bureaus, authorities, and entities) who have had access to or been given copies of any of the records referenced above, including the date(s) of such access or provision of such copy(ies) and the records accessed or copied;

5. The IRS notify the recipients of any summonses that they should not provide any documents in response to any summons until further order of this Court;

6. All records received in response to any summons, subpoena, or request of any kind be sequestered and not reviewed by anyone at the IRS, or anyone else, pending further order of this Court.

Andrade also reserves his right to seek other relief, including damages and penalties pursuant to 12 U.S.C. § 3417.

Respectfully submitted,

_____

Paul D Flack
TBA # 00786930
Pratt & Flack LLP
4306 Yoakum Blvd., Suite 500
Houston, TX 77006
(713) 705-3087 (Telephone)
pflack@prattflack.com

**Attorneys for Movants**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been forwarded by email, fax, electronic delivery through the ECF/PACER system, or otherwise pursuant to the Federal Rules of Civil Procedure to the parties below on February 12, 2024:

Andrea James, Internal Revenue Agent
Internal Revenue Service
1101 E Hackberry Ave, Suite 600
McAllen, TX 78501

_____

Paul D. Flack