IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**Exhibit 1**

| | |
|---|---|
| ROWLAND MARCUS ANDRADE and ABTC CORP., <br><br> *Movants*, <br><br> vs. <br><br> UNITED STATES OF DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, <br><br> *Respondent*, | Case No. 4:24-MC-00248 |

### DECLARATION OF REVENUE AGENT ANDREA JAMES

I, Andrea James, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by the Internal Revenue Service as a Revenue Agent (RA) in the Small Business/Self-Employed Examination Unit in Monroe, Louisiana.

2. I am over 21 years of age, of sound mind, capable and competent of making this declaration, and have personal knowledge of the facts set forth in this declaration, based upon my work and review of the official records of the IRS. If called to testify to the facts set forth in this declaration, I could do so competently.

3. I submit this declaration in support of the Government's Response to the Motion to Quash and for Order of Protection filed in the above-referenced case.

### Examination of ABTC Corp.

4. As part of my duties as Revenue Agent, I was assigned by the IRS to examine ABTC Corp., including to examine whether ABTC Corp. has engaged in violations of the reporting and record-keeping requirements of 31 U.S.C. § 5311. The IRS authorized my examination of ABTC Corp.

5. Based on my review of files in the course of my duties as an RA, I have reason to believe that ABTC Corp. is a virtual currency exchange or a money service business subject to 31 U.S.C. § 5311. Specifically, in addition to various public other records that I have reviewed, records filed with the Financial Crimes Enforcement Network (FinCEN) in 2019 and 2020 reflect that ABTC Corp. is a money service business—or, in other words, a money transmitter—and that ABTC. Corp does business as "AML Bitcoin." Bitcoin is virtual currency, and a virtual currency exchange is a money service business that is subject to 31 U.S.C. § 5311. For the same reasons, I have reason to believe that Andrade is an owner or administrator of ABTC Corp. and that his financial records may be relevant to my examination of ABTC Corp. The 2019 and 2020 FinCEN records referenced above list Andrade as the president and compliance contact for ABTC Corp. True and correct copies of those 2019 and 2020 FinCEN filings are enclosed as **Ex. 2.**

### The 222 Suite

6. I am aware of a certain address for Andrade and ABTC Corp.: 7324 Southwest Fwy, Ste 222, Houston, Texas 77074 (the 222 Suite).

7. I first learned of the 222 Suite in 2021. That year, I issued a summons onto "Rowland Marcus Andrade" as member of ABTC Corp. A different IRS RA eventually taped that summons onto the door of the 222 Suite. This other RA had recently visited the building in which the 222 Suite is located and learned that ABTC Corp. was located at the 222 Suite.

8. Less than two weeks later, on October 12, 2021, lawyer Christopher Ray contacted me on behalf of both Andrade and ABTC Corp. in response to the summons referenced in ¶ 7. Mr. Ray soon afterwards provided me with a Form 2848 Power of Attorney. A true and correct copy of this Form 2848 is attached as **Ex. 3**.

9. The Form 2848 that Mr. Ray provided included the same address for ABTC Corp. as the 222 Suite except included suite 325 instead of 222. It also included a different zip code than the

2

222 Suite: 77424. I later learned the 77424 zip code is incorrect and is not assigned to any geographic region anywhere. Thus, considering the faulty zip code, and given that delivery of the summons referenced in ¶ 7 to the 222 Suite had prompted a response from a lawyer on behalf of Andrade and ABTC Corp., I considered the 222 Suite an appropriate address for Andrae and ABTC Corp.

### The May Summonses

10. I obtained approval from my supervisor on April 28, 2023, to issue Title 31 summonses (the May Summonses) to Chase Bank and Bank of America in connection to my Title 31 examination of Andrade and ABTC Corp. A true and correct copy of a May Summons and its Attachments issued onto Chase Bank are reflected at **Dkt. No. 1-5 at 4-9**, which I have reviewed. The address in "Attachment 1" to the May Summonses for Andrade and ABTC Corp. is the 222 Suite (**Dkt. No. 1-5 at 7**). I listed the 222 Suite on Attachment 1 to both May Summonses because it is the last address to which I successfully sent a summons to Andrade and ABTC Corp. in 2021 as referenced in ¶¶ 7–9. I did not know of any more recent address for Andrade or ABTC Corp.

11. After obtaining approval to issue the May Summonses, I attempted to locate specific envelopes required to mail out the May Summonses using the IRS's Certified Automated Mailing System (CAMs). The IRS uses CAMs to send out items such as summonses and notices, and CAMs requires use of certain envelopes. A few days later, however, I delivered birth on May 1, 2023. Before then, I was unable to locate the requisite envelopes to send out the May Summonses via the CAMs.

12. I entered parental leave on May 1, 2023, which continued until August 14, 2023.

13. During my leave period, a different IRS RA issued the May Summonses onto Chase Bank and Bank of America at the request of my group manager.

14. When I returned from leave, I learned that no notice of the May Summonses had been mailed to Andrade nor to ABTC Corp. I also then reviewed a letter addressed and sent to me by Paul

3

Flack in July 2023 (the July 2023 Letter). A true and correct copy of the July 2023 Letter is filed in this case at **Dkt. No. 1-5 at 1**, which I have reviewed.

15. The July 2023 letter, among other things, advised me that Andrade and ABTC Corp. received no notice of the May Summonses and requested that I "quarantine" any documents received via the May Summonses.

16. Upon reviewing the July 2023 Letter after returning from medical leave, I concluded that Andrade and ABTC Corp. received no notice of the May Summonses from my office due to my office having failed to mail the notice.

17. Upon reviewing the July 2023 Letter, I "quarantined" documents obtained via the May Summonses. Specifically, my office sent to me any documents obtained in response to the May Summonses, but I have never reviewed such documents and instead have stored them in a cabinet in a sealed envelope.

18. I have reviewed the photo at **Dkt. No. 1-11 at 2**, which is a true and correct photo of a note I wrote to indicate that documents responsive to the May Summonses were not reviewed.

19. To the best of my knowledge, no one has ever communicated to me that the 222 Suite is an inappropriate or incorrect address for Andrade and ABTC Corp.

**The September Summonses**

20. In September 2023, I obtained approval from my supervisor to issue Title 31 summonses to replace and cure the May Summonses' notice deficiency (the September Summonses). A true and correct copy of the September Summonses and their attachments and customer notices are enclosed as **Ex. 4.**

21. The September Summonses are for the same records sought by the May Summonses and for my same examination of ABTC Corp.

22. Via CAMs, I issued the September Summonses onto Chase Bank and Bank of America and sent the September Summonses and a customer notice of them to Andrade and ABTC Corp. on September 19, 2023, to the 222 Suite. The 222 Suite was the last known address for Andrade and ABTC Corp. A true and correct copy of the Electronic Tracking Information for mailing of the September Summonses notice is enclosed as **Ex. 5**. The mailing containing this notice became delivered on September 26, 2023. A true and correct copy of the Electronic Return Receipt for the delivery is enclosed as **Ex. 6**.

23. I sent the September Summonses and a customer notice of them to the 222 Suite because that address previously successfully provided notice of a summons and prompted correspondence from a lawyer on behalf of both Andrade and ABTC Corp. Thus, I believed mailing the September Summonses to the 222 Suite would prompt similar correspondence.

24. On February 2, 2024, I sent copies of the May and September Summonses to Counsel for Andrade and ABTC Corp., Paul Flack.

25. I received documents in response to the September Summonses. The photo at **Dkt. No. 1-11 at 21**, is a true and correct photo of a note I wrote to indicate that documents responsive to the September Summonses were reviewed. The IRS no longer seeks records pursuant to the May Summonses given that the September Summonses have now replaced the May Summonses.

**Relevancy of Records Sought by September Summonses**

26. The records sought by the September Summonses will provide me with records relevant to any "transactions" or "relationships" of ABTC Corp. at or arising from the summonee banks. In turn, these records provide me with information from which I may determine whether ABTC Corp. is in compliance with Title 31 for my examination as referenced in ¶ 4 of this declaration.

27. Considering the fungibility of virtual currency, which I know in light of my experience working as an RA, it is imperative that I examine records for any entity in which any of ABTC Corp.

5

and Andrade has a financial interest to determine the scope of any "transaction" or "relationship" attributed to ABTC Corp. that might be subject to Title 31 and thus my examination. For instance, either Andrade or ABTC Corp. may have converted virtual currency to cash and stored the cash in an account in the name of some other entity in which Andrade or ABTC. Corp. has a financial interest; that other entity may be a mere nominee of ABTC Corp., and those conversions may in fact be attributed to ABTC Corp. and involve a "transaction" subject to Title 31 and thus relevant to my examination. Accordingly, the scope of records sought by the September Summonses is in fact narrowly tailored to provide me with a full outlook on information helpful to my Title 31 examination.

28.     Although I am examining ABTC Corp., the September Summonses seeks documents for Andrade given that I have reason to believe that Andrade is an owner or administrator of ABTC Corp. and that, accordingly, Andrade, and entities in which he has any interest, may have records pertaining to ABTC's virtual currency transactions or other records relevant to my examination.

I declare under penalty of perjury that the foregoing is true and correct.

*Andrea James*
Andrea James, Revenue Agent

DATED this 5th day of March, 2024